## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Crystal Diamond Herman, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 16 C 50298 |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's letter [18], which is construed as an objection to the magistrate judge's report and recommendation [17] is overruled and the court accepts the report and recommendation. Plaintiff's motion for summary judgment [1] is denied, and defendant's motion for summary judgment [14] is granted. This case is closed.

## STATEMENT

Before the court is a report and recommendation ("R&R") of the magistrate judge that plaintiff's challenge to the denial of her applications for social security benefits be denied and that defendant's motion for summary judgment be granted. Plaintiff filed a letter with the court responding to the R&R which the court has construed as an objection to the R&R. For the reasons stated below, plaintiff's objection is overruled, the court accepts the R&R, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

### I. BACKGROUND

In November 2012, plaintiff, Crystal Diamond Herman, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act") as well as an application for supplemental security income under Title XVI of the Act, both indicating December 31, 2010, as the beginning date of her disability. The claims were initially denied in February 2013 and again upon reconsideration in September 2013. After filing a written request for a hearing, plaintiff appeared and testified in January 2015 before an administrative law judge ("ALJ") who found plaintiff was not disabled and denied plaintiff's applications. The Social Security Administration Appeals Council ("Appeals Council") declined plaintiff's request to review the ALJ's decision, leaving the ALJ's decision as the final decision of the Commissioner, and, as such, reviewable by the district court. See 42 U.S.C. § 405(g); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the ALJ. Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), filed a motion for summary judgment. Upon review, the magistrate judge issued

an R&R recommending that plaintiff's challenge to the ALJ's decision be denied, that defendant's motion for summary judgment be granted, and that the ALJ's decision be affirmed.

At plaintiff's hearing before the ALJ, plaintiff was represented by appointed counsel who had submitted a pre-hearing brief recounting plaintiff's medical history and presenting plaintiff's position. Plaintiff testified that she was living with her mother, who worked full-time, and her step-father, who did not work because he was disabled. Though plaintiff had been involved in a car accident in which she had been driving two weeks before the hearing, when the ALJ asked plaintiff how often she drove during an average week plaintiff responded, "[r]eally none." The ALJ inquired further, "[w]ell you were driving just a couple of weeks ago when you got in a car accident, weren't you?" Plaintiff responded, "[y]es ma'am. That was one time." The ALJ also recognized, "while you've alleged an onset date of December of 2010 in the forms that you submitted, you indicate you have been a babysitter or were a babysitter from 2002 through 2013, is that correct?" Plaintiff explained that this was not correct, but that she had lost her memory when filling out the forms because of the medication she was on. She explained, "I think it's 2010 that I stopped babysitting now instead of 2011 or whatever date it was." She claimed it had become too hard for her to babysit because she did not have enough energy or patience.

In discussing plaintiff's impairments, the ALJ asked plaintiff about her appointments with a rheumatologist and the status of plaintiff's lupus. Plaintiff stated that at least one of her doctors said her lupus was in remission, and the ALJ noted that throughout the medical records it appeared that plaintiff's lupus was either stable or in remission, to which plaintiff agreed. The ALJ asked plaintiff about her shoulder impairments and plaintiff explained that she had not seen an orthopedist due to lack of insurance but that she had gone to physical therapy for her shoulder. The ALJ inquired about plaintiff's smoking and plaintiff explained that she smoked half a pack of cigarettes per day despite having asthma and her doctor's advice that she should quit. The ALJ acknowledged that plaintiff's weight affected her other medical conditions and asked plaintiff to tell her about plaintiff's depression. Plaintiff stated, "[i]t's affecting me because I get so upset, and I can't control myself. Like one – I go all the way of[f]. Like everything is to the tenth power. It's to the tenth power to where I can't like control myself. I'm learning in the class how to breathe and calm myself down, but it's just – it's so hard. It's just – it's hard." Plaintiff went on to explain that though she does not get into physical altercations with people, she does occasionally engage in verbal altercations and gave as an example an episode that occurred in a McDonald's parking lot. After the hearing, the ALJ issued a written opinion finding plaintiff was not disabled and denying her applications for social security benefits. The Appeals Council declined to review the ALJ's decision, so it is the Agency's final decision. See Haynes, 416 F.3d at 626.

## II. ANALYSIS

In reviewing an R&R from the magistrate judge, the court determines de novo any part of the magistrate judge's disposition to which there has been a proper objection. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); see also Mendez v. Republic Bank, 725 F.3d 651, 661 (7th Cir. 2013). This requires the court to conduct an independent review of the evidence and arguments without presumptive weight given to the magistrate judge's conclusion, but "[b]eing persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." Mendez, 725 F.3d at 661. By reviewing the magistrate judge's

recommendation de novo, the court will review the ALJ's decision directly. Elder v. Astrue, 529 F.3d 408, 413 (7th Cir. 2008). This court "will reverse an ALJ's denial of disability benefits only if the decision is not supported by substantial evidence or is based on an error of law." Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009); see 42 U.S.C. § 405(g). "Substantial evidence includes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Nelms, 553 F.3d at 1097 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This is a "very deferential standard of review." Elder, 529 F.3d at 413 ("[E]ven if reasonable minds could differ concerning whether [plaintiff] is disabled, we must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported.").

Under the Act, non-blind individuals under the age of 55 are considered disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). To determine whether a claimant is disabled, an ALJ must conduct a mandatory five-step sequential analysis, which requires the ALJ to examine:

> (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

Simila v. Astrue, 573 F.3d 503, 512-13 (7th Cir. 2009) (citing 20 C.F.R. § 404, Subpart P, Appendix 1); 20 C.F.R. § 416.920(a)-(g). To address steps four and five, the ALJ makes a determination of the claimant's residual functioning capacity, defined as "the most the claimant can still do despite [her] limitations," which is "based on all the claimant's impairments and all the relevant evidence in the record." Simila, 573 F.3d at 513.

In her written opinion, the ALJ clearly explained the applicable law and the steps she was required to take in making her decision. At step one, she concluded that plaintiff had not engaged in substantial gainful activity, and had thus been unemployed, since December 31, 2010, the alleged onset date, despite a work report indicating that plaintiff worked as a babysitter from 2002 to 2013. The ALJ credited plaintiff's testimony that she had "lost her memory" when filling out the form, and had stopped working as a babysitter in 2010 as opposed to 2013.

At step two, the ALJ concluded that plaintiff had the severe impairments of systemic lupus erythematosus ("lupus"); right shoulder tendinosis, tendinitis, and partial tear; asthma, with continued tobacco use; obesity; and depression or bipolar disorder. The ALJ addressed plaintiff's kidney disease, myalgias from a car accident, and history of marijuana use, but concluded that those impairments were less than severe.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed by the Commissioner in 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ addressed plaintiff's lupus; right shoulder tendinosis, tendinitis and partial tear; asthma; obesity; and mental impairments. There was insufficient evidence, however, for the ALJ to find that any of those conditions met the requirements for step three of her determination.

The ALJ went on to conclude that plaintiff had the residual functioning capacity to perform restricted light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b). Plaintiff could lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; and stand, walk, and sit for at least six hours at a time. She could not continuously reach over her head, and was capable of simple one to three step tasks with limited contact with the general public and co-workers. During this analysis the ALJ found that plaintiff's statements from the hearing concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible due to inconsistent statements regarding her smoking and inconsistencies between her claims regarding her lupus and the medical records regarding the same. The ALJ indicated that plaintiff had reported during a 2014 medical exam that plaintiff was smoking five packs of cigarettes per day, which accurately reflected the notes of plaintiff's June 2014 meeting with Dr. Robin Hovis in which Hovis wrote, "Crystal reports that she has been smoking cigarettes. She has been smoking about 5.00 packs per day." The ALJ also noted, however, that plaintiff's medical records indicated elsewhere that she had reported smoking approximately half a pack of cigarettes per day, and at least once that she never smoked, further supporting the ALJ's finding that plaintiff lacked credibility. After questioning plaintiff in person during the hearing and a thorough examination of plaintiff's medical history, the ALJ concluded that plaintiff alleged greater symptoms than were supported by the record, that State Disability Determination Services physicians' conclusions also supported a finding that plaintiff was not disabled, and that plaintiff was capable of unskilled light work.

In her analysis at step four, where she determined whether plaintiff could perform her past relevant work, the ALJ concluded that plaintiff was capable of working as a housekeeper, assembler, and mailing assistant because these positions would not require work-related activities outside the scope of plaintiff's residual functioning capacity. The ALJ reached this conclusion after considering testimony of a vocational expert who testified at the hearing and the information in the Dictionary of Occupational Titles. At step five, where she determined whether plaintiff was capable of performing other work in the national economy, the ALJ took into account plaintiff's age, education, work experience, and residual functioning capacity. Considering the vocational expert's testimony that, given all these factors, plaintiff would be able to carry out the requirements of unskilled light occupations such as mail clerk, laundry worker, and cafeteria attendant, the ALJ concluded that plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. Accordingly, the ALJ determined that a finding that plaintiff was not disabled was appropriate under the required five-step analysis.

In arguing her appeal of the ALJ's ruling, plaintiff has filed numerous documents which were accurately listed by the magistrate judge in his R&R as (1) plaintiff's initial complaint; (2) a completed in forma pauperis application; (3) an opening brief; (4) a reply dated July 13, 2017, with various medical records attached; and (5) a letter containing additional information dated July 17, 2017.[1] After the magistrate judge issued his R&R, plaintiff filed another letter which the court has

---

[1]The court notes that the handwriting of the letter dated July 17, 2017, appears to be distinct from that of the other hand-written documents plaintiff has filed. Because the court is not an expert in handwriting, it does not consider the matter in its decision. See, e.g., In re Kilaru, 552 B.R. 806, 814 (Bankr. N.D. Ill. 2016) ("The Court acknowledges that the date on the PFS could either say 'May' or 'Mar.' The Court is not an expert in deciphering handwriting and, therefore, cannot say whether the document was dated in May or March."); Meeks v. Roth, 1993 WL 54532, at *5 (N.D. Ill. Mar. 1, 1993) (noting that pro se parties should not be prejudiced by handwritten briefs).

construed as an objection to the R&R. Plaintiff asserts that she was told by a doctor that she cannot work and that the ALJ and her attorney "gave up on her." She argues that the ALJ misunderstood how much she smoked, pointing to the ALJ's statements regarding the number of packs of cigarettes plaintiff smoked per day. She also expresses her belief that she had done everything she had been told to do, implying that as long as she complied with the instructions of her doctors she would be entitled to Social Security benefits. Throughout her arguments, plaintiff stresses the severity of her health problems, and how they are both caused by and exacerbated by financial hardship.

Despite the sincerity of plaintiff's arguments, they do not warrant a remand. Vague concerns with the role of the Social Security Administration, the ALJ, and plaintiff's attorney are not sufficient grounds for reversal. There is no evidence that the ALJ or plaintiff's attorney conducted themselves differently than would be expected in a typical case. Though plaintiff does point out that she thinks the ALJ made an error regarding how many packs of cigarettes plaintiff smokes per day, the record shows that the ALJ was merely reviewing the information in the record. The medical record from plaintiff's June 2014 meeting with Dr. Hovis does state that plaintiff had "been smoking about 5.00 packs per day," and the ALJ considered this in her decision. Even if this were an error in the medical record that the ALJ should have noticed and accounted for, it was one small part of the ALJ's reasoning and did not have any detectable effect on the outcome of the ALJ's finding that plaintiff was not disabled. Mere disagreement with the conclusion of the ALJ is not sufficient grounds for remand or reversal. A reviewing court can reverse an ALJ's denial of benefits only if it "is not supported by substantial evidence or is based on an error of law." See Nelms, 553 F.3d at 1097; 42 U.S.C. § 405(g). The ALJ explained the analysis she was required to conduct, reviewed and considered the facts of the record, and then properly analyzed the facts of that record according to the applicable requirements. In other words, her decision was supported by substantial evidence and did not contain errors of law. Plaintiff's arguments in response do not lead to a different conclusion. The court does not see grounds to reverse the ALJ under this "very deferential standard of review." Elder, 529 F.3d at 413.

### III. CONCLUSION

For the above reasons, plaintiff's objection is overruled, the court accepts the R&R, plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, and the ALJ's decision is affirmed.


Date: 4/25/2018                                             ENTER:

                                                            _____
                                                            FREDERICK J. KAPALA

                                                            District Judge